IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                    Plaintiff,                    ORDER

        v.                        07-CR-167-C-01

CHRISTINA M. PHILLIPS

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Christina M. Phillips' supervised release was held on January 5, 2011, before United States District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by Associate Federal Defender, Kelly A. Welsh. Also present was United States Probation Officer Traci L. Jacobs.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on June 4, 2008, following her conviction for mail fraud, in violation of 18 U.S.C. § 1341. This offense is a Class C felony. She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 8 months, with a 36-month term of supervised release to follow. She began her term of supervised release on February 25, 2009.

On June 18, 2010, defendant violated Special Condition No. 4, requiring her to obtain prior approval from her supervising U.S. probation officer before opening additional lines of credit when she secured a loan from Richland County Bank for $1,825.

From July 30, 2010, through August 22, 2010, defendant violated Special Condition No. 4, requiring her to obtain prior approval from her supervising U.S. probation officer before opening additional lines of credit and the mandatory condition prohibiting her from committing another federal, state or local crime when she opened three charge accounts in Virgil Phillips's name as authorized by him and exceeded the limits of the authorization and incurred a debt of $12,871.47.

Defendant violated Standard Condition No. 3, requiring her to answer truthfully all inquiries by the probation office and follow the instructions of the probation officer when she lied about having falsified a grade report from UW-Richland, re-activated her student account at UW-Richland and accepted student financial aid totaling $8,596.

Defendant's conduct falls into the category of a Grade B violation.  Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervised release upon finding of a Grade B violation.

CONCLUSIONS

Defendant's violations warrant revocation.  Defendant's criminal history category is V.  With a Grade B violation and a criminal history category of V, defendant has an advisory guideline term of imprisonment of 18 to 24 months.  The statutory maximum to which

defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range.  A six-month sentence, when combined with six months of home detention as a condition of supervised release is sufficient to impress upon defendant the seriousness of her criminal conduct and her need to take more responsibility for her actions.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 4, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of six months.  A 12-month term of supervised release shall follow.  All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special conditions:

   (1)   Participate for a period of 180 days in a home detention program that may include electronic monitoring or Global Positioning System (GPS) monitoring. Defendant shall not be responsible for the cost of monitoring;

   (2)   If not employed at a regular lawful occupation, participate in training, counseling, daily job search or other activities relating to finding or preparing for employment, all as approved by the probation officer;

   (3)   Not transfer, give away, sell or otherwise convey any asset without the prior approval of the supervising U.S. probation officer;

   (4)   Undergo at least one financial evaluation each year which may involve use of

3

        a polygraph, as approved by the supervising U.S. probation officer;

(5)     File all tax returns in a timely manner and provide copies of all federal and state income returns to the supervising U.S. probation officer;

(6)     Refrain from the use of the internet to conduct financial transactions;

(7)     Not make purchases greater than $250 without the prior approval of the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before her release from confinement.

Defendant is neither a flight risk nor a danger to the community. Accordingly, it is ordered that she is to report to an institution to be designated by further court order on January 26, 2011 between the hours of 10:00 a.m. and noon. All conditions of her release previously imposed shall remain in effect until defendant has reported as directed.

Entered this 5th day of January 2011.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge